**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK KELLY RHODUS, # 297177,

                  Petitioner,

v.                                          Case Number: 07-cv-15009
                                          Honorable Marianne O. Battani

MARY BERGHUIS,

                  Respondent.

_____/

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING AN
APPLICATION FOR LEAVE TO PROCEED ON APPEAL _IN FORMA PAUPERIS_**

**I.    INTRODUCTION**

      Pending before the Court is Petitioner Mark Kelly Rhodus's petition for writ of habeas

corpus, filed under 28 U.S.C. § 2254.  (Dkt. #1).  Petitioner is a state inmate currently

incarcerated at the Kinross Correctional Facility[1] in Kincheloe, Michigan.  On March 8, 2005,

Petitioner was convicted of one count each of delivery and manufacturing methamphetamine,

MICH. COMP. LAWS § 333.74012B1, operating and maintaining a controlled substance

laboratory, MICH. COMP. LAWS § 333.7401C2A, and possession of methamphetamine, MICH.

COMP. LAWS § 333.74032B1, by a Monroe County, Michigan, Circuit Court jury.  On April 7,

---

      [1]At the time Petitioner filed his habeas petition, he was incarcerated at the E.C. Brooks
Correctional Facility in Muskegon Heights, Michigan.  The proper respondent in a habeas case is
the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of
the facility where the petitioner is incarcerated.  Rule 2(a) of the Rule Governing § 2254 Cases;
_see also Edwards v. Johns_, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006).  In most cases where a
petitioner is transferred to a different facility after the petition has been filed, the Court would
order an amendment of the case caption.  However, because the Court is denying the petition in
this case, it finds no reason to do so.

2005, he was sentenced, as a habitual offender, third offense, to consecutive terms of imprisonment of ten to forty years for each of the delivery and operating convictions and ten to twenty years in prison for the possession conviction. In his *pro se* pleadings, Petitioner challenges his convictions and sentences on the following grounds: (1) insufficient evidence, (2) trial court errors deprived him of a fair trial, (3) prosecutorial misconduct, (4) his sentence was invalid because it was based on inaccurate information, (5) ineffective assistance of trial counsel, and (6) his sentences on counts two and three exceeded the statutory limits. For the reasons stated below, the Court denies the petition. The Court also declines to issue Petitioner a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis*.

## II.    BACKGROUND

The Michigan Court of Appeals summarized the underlying facts of this case as follows:

> Defendant's convictions arise from the discovery of a meth lab in the apartment he shared with his girlfriend, Megan McCartney. Defendant's father, Donald Lee Rhodus, had been staying with defendant and McCartney for an extended period of time and was also convicted on various offenses related to the discovery of the meth lab.

*People v. Rhodus*, No. 262241, 2006 WL 2924580, at *1 (Mich.Ct.App. Oct. 12, 2006).

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals, raising the following claims:

I.    [Petitioner's] convictions should be overturned because there was insufficient credible evidence at trial to prove [he was] guilty of the crimes.

II.    The trial court's errors deprived [Petitioner] of a fair trial and his due process rights, these errors include not requiring a bill of particulars; failing to suppress statements; not taking independent action to assure a fair trial; mistakes in the introduction of evidence and lack of

2

qualifications of the witnesses; not allowing an evidentiary hearing; improper evidentiary decisions; improperly assessing lawyers fees; and failing to grant the motion for new trial and resentencing.

III.    The prosecutor's actions denied [Petitioner] a fair trial and his due process rights under the Michigan and Federal constitutions.

IV.    [Petitioner's] sentence was invalid because it was based on inaccurate information, i.e. improper scoring the legislatively imposed sentencing guidelines, use of an incorrect burden of proof, and incorrect application of law; therefore, his due process rights were violated, which requires resentencing.

V.    [Petitioner's] due process rights were violated that there was incorrect application of law because [his] sentence on count II exceeded the guidelines; no proper departure reasons were given; and an incorrect grid was used with the guidelines; and the maximum sentence exceeded the statutory limits.

VI.    [Petitioner] should get a new trial because of ineffective assistance of counsel.

    a.    If the court fails to reverse because of lack of objection by trial counsel, then [Petitioner] is entitled to a new trial because of ineffective assistance.

    b.    The defense counsel did not follow up plea bargaining and failed to move to suppress the evidence.

Petitioner presented the following additional issues to the Court of Appeals in a supplemental brief:

I.    Mis-scoring of the offense variables (OV 13 and OV 14).

II.    [Petitioner's] sentence should be proportionate.

III.    Prosecution did not comply with discovery request as authorized by this court.

IV.    The trial court erred with not allowing the defense to subpoena the landlord or the C. I.

V.    Both defense counsel and prosecution/probation department misled [Petitioner] with falsified/improper paperwork stating [his] guidelines score.

VI.   The officer heading the investigation was not qualified, certified or experienced in meth cases and should not have been in charge.

VII.  [Petitioner's] sentence on count 3 exceeded the guidelines, but no proper departure reasons were given.

VIII. Issues about the search warrant.

IX.   Detective Glick both falsified affidavits and improperly handled evidence.

X.    Attempt statute should have been applied as well as attempt jury instructions.

XI.   [Petitioner] was repeatedly denied an evidentiary hearing on the admissibility of the evidence as well as to see what evidence the prosecution had.

XII.  [Petitioner's] sentencing errors and problems to be addressed.

XIII. PSI inaccuracies.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences, but remanded to the trial court for reconsideration of its order imposing on Petitioner the obligation to reimburse the county for his attorney fees. *Rhodus*, 2006 WL 2924580, at *10. Petitioner filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court. The application was denied on February 27, 2007. *People v. Rhodus*, 477 Mich. 1033, 727 N.W.2d 619 (2007).

Petitioner neither filed a post-conviction motion with the state court nor a writ of certiorari with the United States Supreme Court. Rather, he filed this habeas petition on November 26, 2007, raising the same claims raised in the state appellate courts.

## III.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this

Court's habeas review of state-court decisions.  Under the AEDPA, a federal court's review of a

habeas proceeding is limited.  A federal court may not grant a writ of habeas corpus unless the

state adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

The Supreme Court clarified that standard in *Williams v. Taylor*, 529 U.S. 362, 412-13

(2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

With that standard in mind, the Court proceeds to address Petitioner's claims.

## IV.    DISCUSSION

### A.    Insufficient Evidence Claim

In his first habeas claim, Petitioner alleges that there was insufficient evidence presented

to establish that he constructively possessed and intended to manufacture and deliver

methamphetamine.

The Due Process Clause protects a defendant against conviction except upon proof

beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364 (1970). On review of a sufficiency of evidence claim, a habeas court must view the evidence in a light most favorable to the prosecution and determine whether or not there was sufficient evidence to justify a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* n.16. It is not a habeas court's function to weigh the evidence or evaluate credibility of witnesses; nor is it the habeas court's function to substitute its judgment for that of the fact finder. *United States v. Neuhausser*, 241 F.3d 460, 471 (6th Cir. 2001). Determinations of factual issues made by a state court are entitled to a strong presumption of correctness. 28 U.S.C. § 2254(e)(1). A "federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that

the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).

The Michigan Court of Appeals, the last court to issue a reasoned decision regarding this issue, stated:

> Defendant first contends that the prosecution presented insufficient evidence to support his convictions. Specifically, defendant contends that the prosecution cannot prove that he was involved in these crimes because the meth lab was discovered in the guestroom occupied by Donald Rhodus. Defendant also challenges the credibility of the testimony provided by McCartney and the officer in charge of the investigation. We disagree.
>
> When reviewing a claim that insufficient evidence was presented to support a defendant's conviction, we must view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could

find all of the essential elements of the crime were proven beyond a reasonable doubt. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime."

Accepting all of the evidence as true and properly admitted, the prosecution presented sufficient evidence to support defendant's convictions for all three offenses. First, the prosecution presented sufficient evidence that defendant "possessed" meth. "A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive." Moreover, possession does not require ownership, and "may be joint, with more than one person actually or constructively possessing a controlled substance." To establish constructive possession, the prosecution must

show that defendant had the right to exercise control of the controlled substance and knew that it was present.

Although no drugs were found on defendant's person at the time of his arrest, the police found meth in several locations around the apartment's guestroom. Further, although defendant's name was not on the lease, he was the primary financial provider in the home. McCartney testified that defendant was allowed entry into the locked guestroom whenever he knocked and that defendant had provided meth for her to sell to the confidential informant on one occasion. Furthermore, the detective in charge of the investigation testified that defendant admitted upon his arrest that he was a "meth cook" and had assisted his father in constructing the meth lab. Contrary to defendant's assertion, the fact that most of the evidence was found in the guestroom then occupied by his father did not negate his ability to possess the narcotics. Rather, the evidence was sufficient to establish joint possession of the meth and meth lab. At a minimum, the evidence supports a finding that defendant constructively possessed meth.

*Rhodus*, 2006 WL 2924580, at *1 (citations omitted).

It is clear that the Court of Appeals applied the *Jackson* standard in determining that the evidence presented at trial was sufficient to support Petitioner's convictions. The Court finds that Petitioner failed to establish that the state court's findings of fact were clearly erroneous. Thus, viewing the evidence in a light most favorable to the prosecution, the Court of Appeals's decision that sufficient evidence was presented to establish that Petitioner constructively possessed the meth did not result in a decision that was contrary to, or an unreasonable

application of, clearly established Supreme Court precedent. Accordingly, Petitioner is not entitled to habeas relief with respect to this claim.

### B. Trial-court Errors

In his next habeas claim, Petitioner asserts a number of trial court errors, including the court's failure to (1) require the prosecutor to file a bill of particulars, (2) suppress his statement to the police, and (3) disqualify the testimony of an officer witness not certified as an expert.

It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The Sixth Circuit has held that "in a habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 18, 22-23 (6th Cir. 1981). Errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (quoting *Patterson v. New York*, 432 U.S. 197, 202 (1997)). That is certainly true in this case where Petitioner's numerous claims of error are without merit and do not implicate Petitioner's federal constitutional rights.

### 1. Bill of Particulars

Petitioner argues that the trial court violated his right to due process in denying the defense motion for a bill of particulars. The trial court record establishes that the defense was well aware of the charges against Petitioner even given the fact that the defense waived

arraignment. Petitioner was charged in this case in an information that was taken from the statute that he was accused of violating. Further, there was extensive discovery made available to the defense that satisfied any purpose that may have been served by a bill of particulars. Most importantly, Petitioner is unable to demonstrate that any prejudice resulted from the failure of the trial court to order a bill of particulars.

Under Michigan law, defendants may be charged under a statutory short form or the common law long form of indictment. Where the former is used, statute requires the prosecution to file a bill of particulars upon request. See MICH. COMP. LAWS § 767.44; *People v. Tenerowicz*, 266 Mich. 276, 287-288, 253 N.W. 296 (1934); *People v. Clark*, 85 Mich.App. 96, 100, 270 N.W.2d 717 (1978); *People v. Jones*, 75 Mich.App. 261, 254 N.W.2d 863 (1977).

Denial of the bill of particulars in cases where the common law long form of indictment is used is reviewed for an abuse of discretion. *Jones*, 75 Mich.App. at 269, 254 N.W.2d at 867 (citing *Tenerowicz*, 266 Mich. at 288, 253 N.W. at 301). If the state appellate court determines that the trial court erred in denying Petitioner's motion for a bill of particulars, it must then decide whether the error was prejudicial.

Petitioner has a due process right to be informed of the nature of the accusations against him. *Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges are guaranteed by the Sixth Amendment and constitute an integral part of the due process protection conferred by the Fourteenth Amendment and therefore apply to state prosecutions. *Cole v. Arkansas*, 333 U.S. 196, 201 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of

his defense." *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988). Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6 Cir. 1986); *Dell v. Straub*, 194 F.Supp.2d 629, 653-54 (E.D. Mich. 2002).

In the present case, the Michigan Court of Appeals, in rejecting Petitioner's bill of particulars claim, found that the defense was fully aware of the charges against Petitioner. It stated:

> Defendant also contends that the trial court improperly denied his motion for a bill of particulars. We review the trial court's denial of defendant's motion for a bill of particulars for an abuse of discretion. Even though defendant waived his right to a preliminary examination, the need for a bill of particulars was obviated in this case by the discovery provided to defendant and the information he already had. Defendant's pretrial motions demonstrated that he was aware of the evidence to support a finding of guilt on all three charges. Defendant has failed to establish any prejudice from the lack of a bill of particulars.

*Rhodus*, 2006 WL 2924580, at *2 (citations omitted).

The Court finds that Petitioner fails to demonstrate how the lack of a bill of particulars prejudiced his defense. Petitioner fails to establish that the denial of the defense motion for a bill of particulars under state law rose to the level of a denial of his federal constitutional right to due process. He is therefore not entitled to habeas relief on this claim.

**2.      Statement to Police**

Petitioner next argues that his statement to the police was improperly admitted against him. An evidentiary hearing was held on Petitioner's motion to suppress his statement. The trial court determined that Petitioner had waived his *Miranda*[2] rights. There is no evidence in the

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

record that Petitioner did not voluntarily agree to speak to the police officer.

The Michigan Court of Appeals, in rejecting Petitioner's suppression claim, stated:

> Defendant further contends that the trial court should have suppressed the statement he made to the officer in charge of the investigation. The trial court conducted a Walker hearing, People v Walker (On Rehearing), 374 Mich 331; 132 NW2d 87 (1965), and determined that defendant voluntarily, knowingly, and intelligently waived his rights under Miranda []. We review a trial court's findings of fact at a suppression hearing for clear error. However, we review the application of constitutional law and the trial court's ultimate ruling on the motion to suppress de novo.

> Whether a defendant's waiver is voluntary is dependant on the absence of police coercion. In determining whether a defendant's waiver was knowing and intelligent, the court must determine the defendant's level of understanding without consideration of police conduct. A defendant need only understand the general tenor of his or her rights and not the ramifications of waiving those rights. "Credibility is crucial in determining a defendant's level of comprehension, and the trial judge is in the best position to make this assessment." The detective who questioned defendant testified that defendant was asleep when the raid team entered, but that defendant was not questioned for a half hour. During that time, defendant expressed concern that he did not want his girlfriend, McCartney, to get arrested. On the way to the detective's patrol car, defendant made several "unsolicited comments" and attempted to avoid being charged in this case. Defendant indicated that he "was fifth or sixth level meth cook" and offered to educate the police on the methods of manufacturing the drug. The officer then read defendant his *Miranda* rights from a preprinted card. Defendant asked to see the card and read his rights silently to himself. Defendant subsequently admitted that he had built the meth lab in his apartment with his father but only made meth for personal consumption. Defendant also admitted that he had previously sold meth but only in Missouri. The detective indicated that he did not include these statements in the police report in order to protect defendant's confidentiality in the event he became an informant.

> Defendant, on the other hand, testified that he was very tired during this interaction. He asserted that he had been sleeping for more than 30 hours at the time of his arrest. Defendant claimed that he had been awake for 31 full days and consumed large quantities of meth during the period before he finally fell asleep. Defendant further testified that he did not recall being read his *Miranda* rights or making any statement to the police. As noted in *Daoud*, *supra* at 629, the credibility of defendant's assertion was a matter for the trial court. The court determined from the conflicting testimony that defendant voluntarily, knowingly, and intelligently waived his right, and we have no reason to disturb that finding.

*Rhodus*, 2006 WL 2924580, at \*2-3 (citations omitted).

The testimony presented at trial corroborated the finding that Petitioner was properly informed of his *Miranda* rights, understood those rights, and voluntarily waived those rights. Where a state court has considered and rejected his claims, a prisoner seeking habeas relief has a heavy burden. Where the state court has based its denial of relief on factual findings, a federal court's review is deferential. 28 U.S.C. Section 2254(e)(1) states that a determination of a factual issue made by a state court shall be presumed to be correct and that the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000).

Here, the trial court's factual findings and the Court of Appeals's affirmation of those finding are amply supported by the record and were not unreasonable. Those findings are presumed to be correct, unless rebutted by clear and convincing evidence. Petitioner has failed to meet his burden of proof. Since no clearly established Supreme Court precedent supports the suppression of a voluntary and spontaneous statement, and since no clearly established Supreme Court precedent requires a *Miranda* warning where a defendant is not subject to a custodial interrogation, Petitioner's claim is without merit. He is therefore not entitled to habeas relief regarding this claim.

### 3.     Police Officer's Testimony

Petitioner next argues that the trial court erred in allowing a police officer to testify as to his opinion about the identification of certain chemicals. The trial court allowed the officer to

testify about the number of items found in the Petitioner's home, but did not allow him to say

that any of the items were actually methamphetamine, cocaine, or any other controlled

substance. In fact, the trial court specifically reiterated its instruction that the officer could not

give his opinion as to the chemical identification of the items seized.  The officer was allowed to

testify as to the physical appearance of the items seized and to comment as to whether those

items appeared similar to other items which had been tested.

In addressing this claim, the Michigan Court of Appeals found that the trial court's

admission of the police officer's testimony was not improper:

> Over defendant's continuing objections, the trial court allowed the
> prosecutor to elicit testimony from a police officer that certain untested
> substances taken from the meth lab were identical in appearance to other
> substances that tested positive for meth, cocaine, and pseudoephedrine.  It is
> undisputed that the officer was not qualified as an expert in this case.  Therefore,
> the admissibility of the challenged testimony depends on MRE 701, which
> provides:
>
>> If the witness is not testifying as an expert, the witness' testimony
>> in the form of opinions or inferences is limited to those opinions or
>> inferences which are (a) rationally based on the perception of the
>> witness and (b) helpful to a clear understanding of the witness'
>> testimony or the determination of a fact in issue.
>
> In *People v Oliver*, 170 Mich App 38, 50; 427 NW2d 898 (1988), mod
> 433 Mich 862 (1989), this Court found that a police officer may provide lay
> opinion testimony regarding topics within his or her personal knowledge as long
> as it is not overly scientific or technical.  The *Oliver* Court continued this Court's
> liberal application of MRE 701 "in order to help develop a clearer understanding
> of facts for the trier of facts."  This Court later reaffirmed *Oliver* in *People v
> Daniel*, 207 Mich App 478; 523 NW2d 830 (1994).  In *Daniel*, this Court
> admitted the lay opinion testimony of a police officer that had not been qualified
> as an expert in drug enforcement.  That officer was allowed to testify that he
> believed the defendant to be involved in narcotics trafficking because he observed
> motor vehicles park in front of the defendant's apartment on four separate
> occasions.  The defendant ran to each vehicle as it stopped and "lean[ed] inside
> the window for ten to fifteen seconds."  This Court found that the officer's
> opinion was rationally based on his perception of events and was helpful to the

13

jury in making their determination.

At the time of the current search, the testifying officer had only been involved with the narcotics unit for six weeks and had never been involved with the raid of a meth lab. The officer, however, had five years prior experience as a police officer, and by the time of defendant's trial, he had additional experience with the narcotics unit. While this officer was not as experienced as the officers in *Oliver* and *Daniel* at the time of the raid, the detective's testimony regarding the appearance of the discovered substances was "rationally based on [his] perception." The testifying officer was in charge of labeling the various substances, collecting samples, and transporting those samples to the forensics lab. Given his contact with the various substances, the detective could form reasonable opinions that certain substances looked similar to others, including those substances that tested positive for controlled substances. The officer could make this comparison without any specialized training. This testimony was helpful to the jury as it provided a "clear understanding" regarding why the officers found the large number of various substances to be incriminating. Moreover, any potential error in the admission of this testimony did not affect the outcome of this case given that the prosecution later presented an expert witness that provided identical testimony.

*Rhodus*, 2006 WL 2924580, at 3-4 (some citations omitted).

The officer's testimony was relevant and was not offered as expert testimony on the chemical makeup of the items seized. The trial court allowed the officer's testimony as to the physical appearance of these items and comment as to whether the items appeared similar to other items which had been tested. Such similarity and resemblance are well within the competence of a lay witness.

It is well established that, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68. Therefore, the only way habeas relief could be granted would be if the challenged state evidentiary ruling was found to be so egregious that it "by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp*, 414 U.S. at 147.) Under Michigan law, testimony and reliable conclusions of investigating police officers

14

who have not been qualified as experts have been held to be properly admissible under the state rules of evidence if the testimony was based on their observations and not overly dependent upon scientific expertise. See *People v. Oliver*, 170 Mich.App. 38, 49-50 (1988). In the present case, the officer's observations were properly admitted and did not result in a violation of Petitioner's rights to due process and a fair trial. Petitioner is not entitled to habeas relief on this claim.

### C.      Prosecutorial Misconduct Claims

Petitioner next claims that the prosecutor wrongfully (1) denigrated the defense, (2) misstated the law, and (3) elicited improper testimony from an uncertified expert.

On habeas review, "the relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "Even if the prosecutor's conduct was improper or even universally condemned, we can provide relief only if the statements were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003).

Thus, to obtain habeas relief on this prosecutorial misconduct claim, Petitioner must demonstrate that the prosecutor's conduct was both improper and so flagrant as to warrant reversal. *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003). Four factors are considered in determining whether the challenged conduct is flagrant: (1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant, (2) whether the remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally made, and (4) the total strength of the evidence against the defendant. *Angel v. Overberg*, 682 F.2d 605, 608 (6th

Cir. 1982).

The Michigan Court of Appeals reviewed the record as it related to each of the claimed instances of prosecutorial misconduct and found that each claim was without merit or did not result in undue prejudice to the defense:

> Next, defendant asserts that the prosecutor improperly denigrated defense counsel, misstated the standard of proving guilt beyond a reasonable doubt, gave a faulty example of circumstantial evidence, and allegedly denigrated defense counsel. We agree that the prosecutor improperly criticized defense counsel in front of the jury for "wasting time" by raising objections to the evidence; however, the trial court sustained defendant's objection and instructed the jury to disregard the prosecutor's comment. Moreover, the trial court cured any potential error by instructing the jury at the close of trial that the comments and questions of the attorneys are not evidence.

> Furthermore, while the prosecutor gave a rather inartful explanation of the reasonable doubt standard during voir dire and opening statement, the trial court later gave the jury the standard jury instruction in this regard. See CJI2d 3.2. Finally, we note that appellate counsel is grasping at straws by challenging the prosecutor's example of circumstantial evidence. The example was identical to that provided in the standard jury instructions. See CJI2d 4.3(2).

> * * *

> In his pro per brief, defendant also challenges the prosecution's failure to comply with the trial court's order requiring discovery in this case. Defendant never objected to the prosecution's alleged noncompliance in the trial court. Moreover, there is no indication in the record that the prosecution failed to produce evidence or prohibited defense counsel from reviewing any of the requested discovery items.

> * * *

> In his pro per brief, defendant argues that the prosecution should have charged him with attempt to manufacture meth under MCL 750.92, rather than the completed offense. Defendant further contends that the trial court should have sua sponte given the attempt instruction to the jury and that defense counsel was ineffective for failing to request that instruction. We review unpreserved, nonconstitutional challenges for plain error affecting a defendant's substantial rights. To the extent that defendant challenges defense counsel's performance in

16

this regard, our review "is limited to mistakes apparent on the record." "We review a prosecutor's charging determination under an 'abuse of power' standard to determine if the prosecutor acted contrary to the Constitution or law."

Attempt is a separate substantive offense from the completed offense. It is a cognate lesser offense, rather than a necessarily included lesser offense. A trial court may not instruct the jury regarding uncharged, cognate lesser offenses. Therefore, the trial court could not sua sponte give an instruction regarding attempt to manufacture meth, and the court would be required to deny such a request made by defense counsel. Furthermore, we find the prosecutor did not abuse his charging discretion in this case. The prosecutor has "broad charging discretion" and may "bring any charges supported by the evidence." Here, the prosecutor presented sufficient evidence to establish that defendant had manufactured meth, rather than just attempted to do so. Accordingly, the prosecutor was not required to charge defendant with attempt.

*Rhodus*, 2006 WL 2924580, at 5, 9, 10 (citations omitted).

The Michigan Court of Appeals reviewed Petitioner's claims of prosecutorial misconduct in light of the record as a whole and, whether the state court reviewed the alleged errors under an abuse of discretion standard or a plain error standard, it looked first to whether the complained conduct was improper. If so, the state court next determined whether the improper conduct rendered Petitioner's trial unfair. Considering the extensive state court analysis of Petitioner's prosecutorial misconduct claims, Petitioner fails to establish that the state court determination rejecting his prosecutorial misconduct claims were contrary to, or an unreasonable application of,

established United States Supreme Court law. Accordingly, Petitioner is not entitled to habeas relief based on his prosecutorial misconduct claims.

### D. Sentencing Claims

Petitioner's fourth and sixth claims challenge the calculation of his sentence and assert that his rights to due process and a fair trial were violated by the trial court's scoring the

Michigan sentencing guidelines. He also claims that his right to a jury trial was violated because the facts used to score his sentencing guidelines were not proven to a jury beyond a reasonable doubt.

To the extent Petitioner's sentencing claims are based upon an alleged violation of Michigan law, Petitioner has failed to state a claim upon which habeas relief may be granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Only federal constitutional questions are cognizable on federal habeas review. 28 U.S.C. §§ 2241 (c)(3), 2254 (a). Both the United States Supreme Court and the Sixth Circuit Court of Appeals have held that errors in the application of state law are not to be questioned on habeas review and that federal habeas courts have no authority to interfere in matters of state law. *Id.* at 41; *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990).

To the extent that Petitioner claims his federal due process rights were violated when he was sentenced based on erroneously-scored sentencing guidelines, his claims are not cognizable in federal habeas corpus proceedings. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Moreover, Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range does not entitle him to federal habeas relief.

Petitioner further contends that in departing above the sentencing guidelines range, the

trial court violated the Supreme Court's holding in *Blakely v. Washington*,[3] where the Supreme

Court held that other than the fact of a defendant's prior conviction, any fact that increases or

enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must

be submitted to the jury and proven beyond a reasonable doubt. However, *Blakely* has no

application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate

sentencing schemes, do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05,

308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used

in Michigan, the trial court's departure above Petitioner's sentencing guidelines range did not

violate his Sixth Amendment rights. *Tironi v. Birkett*, 252 F.App'x 724 (6th Cir. Oct. 26, 2007).

Petitioner's claims of trial court error are without merit and, even if true, do not rise to

the level of a federal constitutional violation. Accordingly, Petitioner is not entitled to federal

habeas corpus relief based on his claims of trial-court errors.

### E.        Ineffective-Assistance-of-Counsel Claims

In his final claim, Petitioner argues that he was denied the effective assistance of counsel

because counsel failed to follow-up plea bargaining and failed to move to suppress the evidence.

To warrant habeas relief on an ineffective assistance of counsel claim, Petitioner must

show that the state court's conclusion was contrary to, or an unreasonable application of,

*Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the United States Supreme Court

established a two-prong test for determining whether defense counsel was ineffective. First, the

defendant must demonstrate that, considering all of the circumstances, counsel's performance

was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth

---

[3]542 U.S. 296 (2004).

Amendment. *Id.* at 687. In so doing, Petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Michigan Court of Appeals, in addressing this issue, stated:

> We also disagree with defendant's assertion that he received ineffective assistance of counsel. Defendant first contends that the trial court improperly denied his motion for a *Ginther* hearing, [] before denying his motion for a new trial on this ground. Defendant then challenges defense counsel's failure to follow up on plea negotiations with the prosecution and failure to seek the suppression of the evidence found in his apartment based on the inadequacy of the search warrant.

> We review a trial court's determination regarding a motion for new trial for an abuse of discretion. Absent a *Ginther* hearing, our "review of the relevant facts is limited to mistakes apparent on the record." Effective assistance of counsel is presumed and defendant bears a heavy burden to prove otherwise. To establish ineffective assistance of counsel, defendant must prove that counsel's deficient performance denied him the Sixth Amendment right to counsel and that, but for counsel's errors, the proceedings would have resulted differently.

> Absent a *Ginther* hearing, there is very little record information to analyze defendant's challenge that he was unable to enter into a plea agreement with the prosecution because his replacement counsel failed to follow up on an agreement being negotiated by his originally appointed counsel. The only mention that any plea negotiation had possibly occurred comes from defendant. Defendant cannot show that the prosecution was willing to enter into a plea agreement with him or that the prosecution gave defendant false information regarding his possible sentences. We note that the prosecution's "enhancement" of defendant's potential sentences after the alleged plea arrangement fell through was not inexplicable. With no plea entered, the prosecution was free to charge defendant as a third, rather than as a second habitual offender. The prosecution was also free to seek the amendment of the information to ensure that the charges coincided with the

evidence. Defendant was ultimately tried and convicted. Accordingly, defendant has not established he was prejudiced by counsel's actions and that we need not remand for a *Ginther* hearing.

Moreover, defense counsel had no grounds to seek the suppression of the evidence based on a purported inadequacy in the search warrant because the warrant was supported by probable cause. First, investigating officers witnessed McCartney twice leave the apartment to sell meth and cocaine to the confidential informant. Those buys standing alone amount to probable cause to issue a warrant. Second, the confidential informant told officers that defendant and his father were manufacturing meth in the apartment and that he could arrange a sale through McCartney. The officers verified the fact that the informant could arrange a sale through McCartney when she actually met the informant and sold him meth and cocaine. Accordingly, the officers had reason to believe that the informant was also correct in asserting that defendant and his father were manufacturing meth in the apartment. Because the two controlled buys formed sufficient probable cause to issue a search warrant and were included in the affidavit, defendant's contention that the officer omitted pertinent information from the search warrant affidavit is without merit. Moreover, contrary to defendant's assertion on appeal, there is no indication in the record that the testifying officer left the scene in the middle of the search to belatedly secure the search warrant.

Defendant further challenges defense counsel's failure to object when the prosecutor elicited information from the search warrant return through the testimony of a police officer. Although this evidence might have been cumulative, it was relatively minor compared to the bulk of the testimony. Accordingly, the evidence was not overly prejudicial and an objection by defense counsel, even if sustained, would not have effected the outcome of the trial. As neither potential error would require reversal, remand for a *Ginther* hearing is unnecessary.

*Rhodus*, 2006 WL 2924580, at *4-5 (citations omitted).

The Michigan Court of Appeals applied the established federal two-prong analysis to each of Petitioner's claimed instances of ineffective assistance of counsel. Against that backdrop, the Court concludes that Petitioner failed to demonstrate that counsel's performance was deficient, or if deficient, prejudiced the defense. The state court's conclusion was not contrary to, or an unreasonable application of, *Strickland*, and Petitioner is not entitled to habeas

relief on the basis of his ineffective-assistance-of-counsel claims.

F.     Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic

right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must

first seek and obtain a [certificate of appealability.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003).  A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U .S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the
> showing required to satisfy § 2253(c) is straightforward: The petitioner must
> demonstrate that reasonable jurists would find the district court's assessment of
> the constitutional claims debatable or wrong . . . .  When the district court denies a
> habeas petition on procedural grounds without reaching the prisoner's underlying
> constitutional claim, a [certificate of appealability] should issue when the prisoner
> shows, at least, that jurists of reason would find it debatable whether the petition
> states a valid claim of the denial of a constitutional right and that jurists of reason
> would find it debatable whether the district court was correct in its procedural
> ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find its assessment of Petitioner's

claims debatable or wrong.  Nor would reasonable jurists debate whether the Court's

procedural-default ruling was correct.  The Court therefore declines to issue Petitioner a

certificate of appealability and denies her an application for leave to proceed on appeal *in forma*

*pauperis*.

V.     CONCLUSION

The state courts' decisions in this case were not contrary to federal law, an unreasonable

application of federal law, or an unreasonable determination of the facts.  Petitioner has failed to

establish that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, **IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus [dkt. # 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed.R.App.P. 24(a).

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2010

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, and Counsel for the Respondent via ordinary mail and/or electronically.

s/Bernadette M. Thebolt

Case Manager